IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDY T. WILLIAMSON,

        Plaintiff,

v.                                                                              Case No. 23-2392-JWB

UNITED PARCEL SERVICE, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to dismiss. (Doc. 13.) The motion is fully briefed and ripe for decision. (Doc. 17.)[1] The motion is DENIED for the reasons stated herein.

### I.    Facts and Procedural History

Plaintiff was previously employed by Defendant United Parcel Service. On August 22, 2019, while he was still employed by Defendant, Plaintiff filed an employment discrimination complaint in this court. *Williamson v. United Parcel Service, Inc.*, Case No. 19-2506-KHV (D. Kan. 2019) ("*Williamson I*"). On April 13, 2020, Plaintiff filed an amended complaint. Plaintiff's claims in *Williamson I* alleged violations under Title VII, the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). (*Id.* at Doc. 42.) Plaintiff alleged that Defendant discriminated against him on the basis of his race, religion, and his disability. Further, Plaintiff alleged that Defendant retaliated against him because he complained of the discrimination. Plaintiff's allegations included interfering with a request for accommodation, withholding pay during leave, reduction of hours, and making false accusations. Plaintiff filed

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

charges with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discrimination in March 2018, January 2019, and February 2019. (*Id.* at 3.) Notably, the amended complaint does not allege a claim based on his termination as that had not yet occurred.

On January 25, 2021, Defendant notified Plaintiff that his position would be eliminated along with others. Plaintiff's position was terminated on February 28, 2021. Defendant provided Plaintiff with a Restructuring Separation Allowance Plan Agreement ("the agreement") for his review. Plaintiff executed the agreement and Defendant filed a motion to enforce the settlement agreement in *Williamson I*. Defendant argued that the terms of the agreement required Plaintiff to dismiss the suit against it. (*Id*. at Doc. 79.) Notably, the agreement's terms had a choice of law provision stating that Georgia law applied. Plaintiff contended that the agreement did not require him to dismiss his suit, that Defendant had failed to follow the terms of the agreement, and that Defendant had breached the agreement. (*Id.* at Doc. 82.) Judge Vratil overruled Defendant's motion on several grounds, including that Defendant failed to establish that the agreement required that Plaintiff dismiss the suit before payment was due. (*Id.* at Doc. 87.) After submitting payment to Plaintiff, Defendant again moved for enforcement of the settlement agreement. (*Id.* at Doc. 91.) Plaintiff opposed the motion and challenged the enforceability of the agreement. (*Id*. at Doc. 93.) Judge Vratil held an evidentiary hearing on September 27, 2021. At the conclusion of the hearing, the court overruled Defendant's motion and stayed the action to allow Defendant to seek a ruling from a Georgia court as to whether the agreement was enforceable. (*Id.* at Doc. 96.) The court also entered an order administratively closing the case. (*Id*. at Doc. 97.) The order stated that the parties could move to reopen the proceedings for good cause and required the parties to file a stipulation of dismissal on or before September 29, 2023. (*Id.*) If no action was taken by the parties to either reopen the case or file a stipulation of dismissal, that order would constitute a final

judgment and dismissal of Plaintiff's claims with prejudice. (*Id.*) No action was taken by the parties in *Williamson I*. Defendant did file a declaratory judgment action in the Northern District of Georgia in February 2022. (Doc. 13 at 3–4.) That matter remains pending. *United Parcel Service, Inc. v. Williamson*, Case No. 22-cv-00480-MLB (N.D. Ga 2022).

On September 6, 2023, Plaintiff filed this action. In his complaint, Plaintiff alleges that Defendant discriminated against him by refusing to pay the severance he was due. Plaintiff alleges that other employees were paid severance but that Defendant refused to make payment due to him because of *Williamson I*. Plaintiff asserts claims of discrimination and retaliation under Title VII, the ADA, and the FMLA. Plaintiff contends that the discrimination and retaliation occurred in January 2021 until the time of the filing of the complaint. Plaintiff filed a charge with the EEOC on December 23, 2021. (Doc. 1 at 2.) Plaintiff's right to sue letter was issued on May 26, 2023.

Defendant now moves to dismiss the complaint on the basis that the claims are barred by res judicata. Defendant also asks for sanctions against Plaintiff in the form of filing restrictions. (Doc. 13 at 1.) In response, Plaintiff argues that his claims are not barred by res judicata because they involve claims of discrimination and retaliation that were not raised in the prior action. (Doc. 17.) Defendant did not file a reply and the time for doing so has now passed.

**II.     Standard**

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247

(10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.  Analysis**

Res judicata encompasses claim preclusion, while the related doctrine of collateral estoppel is typically used for issue preclusion. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014).

To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (quoting *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)). There is an exception to the application of claim preclusion even when these elements are met. The court will not preclude a claim when the plaintiff did not have a "full and fair opportunity to litigate" the claim in the prior action. *Id.*

In this case, Plaintiff does not challenge the first two elements. Rather, Plaintiff contends that the causes of action in both suits are not the same. The causes of action are identical in both cases in that Plaintiff brought claims under the same three statutes. The Tenth Circuit, however, employs a transactional approach to claim preclusion. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999). A claim will be precluded if it arises "out of the same 'transaction, or series of connected transactions' as a previous suit." *Id.* (citation omitted). Here, the factual allegations concerning both suits are different. *Williamson I* involved allegations of discrimination and

4

retaliation due to a reduction in hours, failing to accommodate, and failing to pay during leave. This conduct occurred in 2018 to 2020 and prior to his termination. In this case, Plaintiff alleges discrimination and retaliation in the month prior to and following his termination in 2021 and based on actions by Defendant involving the severance agreement. Plaintiff also filed a new EEOC charge regarding these events. The events alleged in this action were not in existence at the time *Williamson I* was filed. Further, Plaintiff was terminated several months after he filed his amended complaint in *Williamson I*. Therefore, while both actions involve the employment relationship, the court finds that the claims in this suit do not arise out of the same transaction or series of connected transactions because this action involves conduct, including termination, occurring over a year after filing the prior suit. *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202–03 (10th Cir. 2000) (recognizing in dicta that the res judicata doctrine does not necessarily bar a plaintiff from litigating claims based on conduct occurring after the initial suit was filed and citing agreement with *Johnson v. Bd. of Cty. Comm'rs of Johnson Cty., Kan.*, No. 99-2289-JWL, 1999 WL 1423072, at *3–4 (D. Kan. Dec. 9, 1999) (holding that res judicata did not bar the plaintiff's new action because it was based on events that occurred after the first action was filed); *Roberts v. Sedgwick Cty. Sheriff's Dep't*, 302 F. Supp. 2d 1256, 1262 (D. Kan. 2004); *see also Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1266, 1269–70 (D. Kan. 2012).

Defendant also argues that the doctrine of res judicata precludes Plaintiff from bringing suit due to his waiver of claims in the agreement. (Doc. 13 at 6.) This court, however, declined to rule on the enforceability of the agreement. Therefore, to the extent that Defendant is asserting issue preclusion as to the enforceability of the agreement's terms, that matter was not resolved by this court and is currently still pending in the Georgia court. *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009) ("Collateral estoppel bars a party from relitigating an issue once it has suffered

5

an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."). As such, Defendant's motion must be denied on this basis.

## IV. Conclusion

Defendant's motion to dismiss (Doc. 13) is DENIED.

IT IS SO ORDERED. Dated this 18th day of April 2024.

                                                   s/ John W. Broomes
                                                   JOHN W. BROOMES
                                                   UNITED STATES DISTRICT JUDGE