IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDY T. WILLIAMSON,

        Plaintiff,

v.                                                                 Case No. 23-2392-JWB

UNITED PARCEL SERVICE, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to dismiss for lack of prosecution. (Doc. 46.) The motion is fully briefed and ripe for decision. (Doc. 50.)[1] The motion is DENIED for the reasons stated herein.

**I.  Facts and Procedural History**

Plaintiff was previously employed by Defendant United Parcel Service. On August 22, 2019, while he was still employed by Defendant, Plaintiff filed an employment discrimination complaint in this court. *Williamson v. United Parcel Service, Inc.*, Case No. 19-2506-KHV (D. Kan. 2019) ("*Williamson I*"). Plaintiff's claims in *Williamson I* alleged violations under Title VII, the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). (*Id.* at Doc. 42.) Plaintiff alleged that Defendant discriminated against him on the basis of his race, religion, and his disability. Further, Plaintiff alleged that Defendant retaliated against him because he complained of the discrimination.

On January 25, 2021, Defendant notified Plaintiff that his position would be eliminated along with others. Plaintiff's position was then terminated on February 28, 2021. Defendant

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

provided Plaintiff with a Restructuring Separation Allowance Plan Agreement ("the agreement") for his review.  Plaintiff executed the agreement.  Defendant moved to enforce the agreement in *Williamson I*.  Ultimately, Judge Vratil overruled Defendant's motion and stayed the action to allow Defendant to seek a ruling from a Georgia court as to whether the agreement was enforceable.  (*Id*. at Doc. 96.)  The court also entered an order administratively closing the case. (*Id*. at Doc. 97.)  The order stated that the parties could move to reopen the proceedings for good cause and required the parties to file a stipulation of dismissal on or before September 29, 2023. (*Id.*)  If no action was taken by the parties to either reopen the case or file a stipulation of dismissal, Judge Vratil's order would constitute a final judgment and dismissal of Plaintiff's claims with prejudice.  (*Id.*)  No action was taken by the parties in *Williamson I*.  Defendant did file a declaratory judgment action in the Northern District of Georgia in February 2022.  (Doc. 13 at 3–4.)  That matter remains pending.  *United Parcel Service, Inc. v. Williamson*, Case No. 22-cv-00480-MLB (N.D. Ga 2022).

On September 6, 2023, Plaintiff filed this action.  In his complaint, Plaintiff alleges that Defendant discriminated against him by refusing to pay the severance he was due.  Plaintiff alleges that other employees were paid severance but that Defendant refused to make payment due to him because of *Williamson I*.  Plaintiff asserts claims of discrimination and retaliation under Title VII, the ADA, and the FMLA.  Plaintiff contends that the discrimination and retaliation occurred in January 2021 until the time of the filing of the complaint.  Plaintiff filed a charge with the EEOC on December 23, 2021.  (Doc. 1 at 2.)  Defendant moved to dismiss the complaint on the basis that the claims are barred by res judicata.  (Doc. 13.)  The court denied the motion finding that the claims did not arise out of the same transaction or series of connected transactions because this action involves conduct, including termination, occurring over a year after filing the prior suit.

The court also declined to dismiss the claims on the basis of the agreement because the Georgia court had not yet issued a ruling on its enforceability. (Doc. 27.)

After filing its answer, Defendant moved to stay the case pending a decision in the Georgia case. (Doc. 29.) Plaintiff opposed the motion. Magistrate Judge Mitchell denied the motion on May 17, 2024. (Doc. 31.) Under the scheduling order, the deadline for discovery was June 25, 2024. (Doc. 24.) On June 17, Plaintiff moved to amend the scheduling order with respect to the pretrial conference date. The motion was granted and the pretrial conference was reset to July 18, 2024. (Doc. 39.) Defendant then moved to stay discovery. The motion was denied on July 16 and the pretrial conference was reset to August 5. (Doc. 44.) On July 18, Defendant filed a notice of deposition indicating that it would depose Plaintiff on July 22. (Doc. 45.) Defendant then filed this motion to dismiss for lack of prosecution after Plaintiff did not appear for his deposition. Defendant also asserts that Plaintiff's discovery responses are insufficient. (Doc. 46.) On August 5, Magistrate Judge Mitchell held a discovery conference and ordered the parties to confer regarding outstanding discovery issues. The deadline to file motions to compel was set for August 26. Both parties have since filed motions to compel which remain pending. (Docs. 51, 52.)

**II.     Analysis**

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

Federal Rule of Civil Procedure 41(b) authorizes the court to involuntarily dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit

3

courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). Dismissal under this rule generally operates as an adjudication on the merits. Rule 41(b).

Dismissal is an "extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Before imposing dismissal as a sanction, the court must consider the non-exhaustive *Ehrenhaus* factors. *Id.* They include: (1) actual prejudice to Defendant; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 920-21. "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (citation omitted).

Here, Defendant spends significant time arguing about the sufficiency of Plaintiff's responses to discovery and Plaintiff's alleged delay in responding to discovery. Plaintiff clearly has a different view of his discovery responses and what transpired during discovery as evidenced in his response. Although Defendant argues that it has been prejudiced, the record clearly reflects that Defendant sought several extensions and both parties filed motions to compel *after* Defendant filed this motion to dismiss. The discovery issues are more appropriate for the magistrate judge to review at this stage of the litigation. Should Plaintiff fail to comply with any discovery order issued on the motions to compel, Defendant may seek sanctions at that time.

Further, Defendant argues that it was prejudiced due to Plaintiff's failure to attend his own deposition. Plaintiff, however, points out that his deposition was noticed for July 22, which was

4

after the close of discovery in this case.  This is another issue for the magistrate judge to resolve. Had Defendant wanted to depose Plaintiff in this case, it should have noticed a deposition within the confines of discovery or moved to amend the scheduling order.  Defendant cannot place blame on Plaintiff for failing to appear for a deposition after discovery closed in the absence of an amendment to the scheduling order.  Although Defendant also argues that Plaintiff's conduct in the Georgia case should be considered by this court, Defendant fails to provide authority for this argument.  The Georgia court is free to sanction Plaintiff, as it has, for failing to comply with court orders in that case.  Although such rulings may provide some insight to this court should Plaintiff fail to comply with discovery orders in this case, Plaintiff has not yet significantly interfered with judicial process in this case to the extent that the extreme sanction of dismissal is appropriate.

Defendant also argues that Magistrate Judge Mitchell has already warned Plaintiff that dismissal could be a sanction in this case.  (Doc. 46 at 11) (citing to Doc. 44.)  In that order, Magistrate Judge Mitchell advised Plaintiff that he needed to participate in the draft pretrial order and that a failure to do so may lead her to recommend dismissal.  (Doc. 44 at 3.)  There is no evidence in the record, however, that Plaintiff failed to participate in the pretrial order draft after receiving a warning from the magistrate judge.

After review of the factors, the court finds that dismissal is not appropriate.

**IV.    Conclusion**

Defendant's motion to dismiss (Doc. 46) is DENIED.

IT IS SO ORDERED.  Dated this 18th day of September 2024.

                                                __s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE