# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANDY T.L. WILLIAMSON,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

Case No. 23-2392-JWB-ADM

## REPORT AND RECOMMENDATION

Plaintiff Andy T.L. Williamson ("Williamson") filed this employment discrimination action on September 6, 2023. (ECF 1.) Defendant United Parcel Service, Inc. ("UPS") has attempted a variety of ways to avoid proceeding in this court—through motions to dismiss, motions to stay, and a motion to transfer venue filed in a case between the parties pending in the United States District Court for the Northern District of Georgia ("Georgia court").[1] (*See* ECF 13, 29, 40, 46.) UPS may finally get its wish, as the court hereby recommends that the presiding district judge transfer this case to the United States District Court for the Northern District of Georgia for the reasons discussed below.

As explained in the court's Order to Show Cause issued on January 10, 2025, the parties submitted a proposed pretrial order in advance of the pretrial conference to be held on January 9, 2025, that raised a dispute between the parties concerning whether this court or the United States District Court for the Northern District of Georgia is the appropriate venue for Williamson's claims in this action. Based on the parties' pretrial order submissions and the court's further investigation

---

[1] In 2022, UPS sought a declaratory judgment in the Georgia court that a release provision in a severance agreement bars Williamson's discrimination claims. *United Parcel Service, Inc. v. Williamson*, Case No. 22-cv-480-MLB (N.D. Ga.).

and analysis, the court found that the issues in this lawsuit appear to overlap with those in the Georgia litigation—specifically, the counterclaim and defenses Williamson asserted there regarding UPS's allegedly discriminatory and retaliatory conduct. The court therefore ordered the parties "to show cause in writing why the court should not recommend that the district judge order this case transferred to the United States District Court for the Northern District of Georgia so that it can be consolidated with the litigation already pending between the parties there." (ECF 65, at 4-5.) Both parties timely filed responses to the Order to Show Cause. (ECF 67, 68.) UPS's response "agrees" with the court's analysis of the transfer issues and "reiterates the points made" in its motion to transfer this case to the Northern District of Georgia—namely, that the Georgia case was filed first and the parties, claims, and defenses "significantly overlap with those in the Georgia Litigation." (ECF 67.) Williamson's response to the Order to Show Cause points out the cost and inconvenience for him to litigate his claims in Georgia and accuses UPS of gamesmanship by waiting to file its transfer motion in the Georgia court until after UPS received a favorable ruling from the Georgia court dismissing Williamson's counterclaims and sanctioning him for failure to appear at his deposition. (ECF 68.)

On March 19, 2025, the Georgia court granted in part UPS's Motion to Transfer Related Case, finding that "it is the first-filed forum." The Georgia court ordered UPS "to file a proposed order outlining the appropriate remedy to effectuate this finding" within 30 days from the date of the order. (ECF 69-1, at 17-18.) On March 28, this court issued an order acknowledging the Georgia court's ruling on transfer and stating that "[t]he court will await further action in this case pending an order from the court in Georgia concerning the appropriate relief." (ECF 69, at 1.)

On August 25, the Georgia court issued an order directing UPS to (1) "renew its request" with this court to transfer this matter to the Georgia court; and (2) "inform the Kansas Court that

2

this Court does not object to the transfer; advise the Kansas Court that Plaintiff is renewing its request to transfer pursuant to the Order of this Court; and attach as exhibits to its renewed request copies of this Order and the Court's March 20, 2025 Order." (ECF 70-2.) Having reviewed UPS's Renewed Motion to Transfer This Case to the U.S. District Court for the Northern District of Georgia and UPS's submission of the Georgia court's orders (ECF 70, 70-1, 70-2), the undersigned finds that this court should defer to the Georgia court's finding that it is the first-filed forum. Moreover, based on the chronology of events, the similarity of the parties involved, and the significant overlap between the issues at stake in both cases, as well as equitable factors such as the time the Georgia court has already spent resolving a significant portion of those issues, the undersigned recommends to the district judge that this court abstain from exercising its jurisdiction in deference to the first-filed lawsuit and transfer this case to the Northern District of Georgia for consolidation with the case already pending in Georgia. *See Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) ("[T]he first-to-file rule 'permits,' but does not require, a federal district court to abstain from exercising its jurisdiction in deference to a first-filed case in a different federal district court.").

\* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that UPS's Renewed Motion to Transfer This Case to the U.S. District Court for the Northern District of Georgia (ECF 70) be granted and that this case be transferred to the United States District Court for the Northern District of Georgia.

**IT IS SO ORDERED**.

Dated September 8, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
